UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACEY CHILDERS, | Case No. 3:10-cv-154 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | |
| Defendant. | |

### ORDER THAT PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 14) IS GRANTED AND PLAINTIFF IS AWARDED $2,432.50 IN FEES

This case is a Social Security disability benefits appeal under which the Court reversed the non-disability finding of the Administrative Law Judge ("ALJ") below and remanded for additional administrative proceedings. Seeking to be compensated for the legal expenses incurred in obtaining the reversal and remand, Plaintiff has filed a fee petition (Doc. 14) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which is opposed by the Commissioner of Social Security ("Commissioner") (Doc. 15).

Plaintiff's fee request seeks payment for 12.25 hours of work, at an hourly rate of $170, and $350 in costs and expenses. (Doc. 16 at Sch. A). The Commissioner argues that Plaintiff should not be awarded EAJA fees because the government's litigation position was substantially justified. (Doc. 15 at 3-5).

## I.

The EAJA provides that:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Recognizing that Plaintiff is a "prevailing party" as defined; that this civil action was brought against the United States; to review agency action by the Social Security Administration; and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees appear warranted, provided that the Commissioner's position during this litigation was not "substantially justified," and that no "special circumstances" exist to bar a fees award.

## II.

As the Sixth Circuit has explained:

> The Supreme Court . . . has adopted a reasonableness standard for determining if substantial justification exists. For the government's position to be substantially justified under the EAJA, its position must be justified in substance or in the main. Thus, the proper standard in EAJA cases is whether the government's position was justified, both in fact and law, to a degree that could satisfy a reasonable person.

*Tate v. Sec'y of Health & Human Servs.*, No. 94-3992, 1995 WL 646495, at *2 (6th Cir. Nov. 2, 1995) (per curiam) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)).

The ALJ's determination that Plaintiff could hold a full-time job was quite clearly at odds with the facts in the record, the expert testimony, and the regulations and applicable case law. The record showed that Plaintiff's medical problems required him to take innumerable hospital and doctor visits and undergo several surgeries, medical tests, and physical therapy regimens during the time period at issue. The vocational expert, whose testimony the ALJ "accept[ed] and concur[red] with" (Tr. 23), was asked about these facts: "with all these medical issues and the downtime that he's had, would [Plaintiff] have been able to have maintained remunerative work during that time period?" The vocational expert replied, "[h]e would not have been able to, and that's because in my opinion, a person can miss about one day a month and still remain employed." (Tr. 421).

Whether Plaintiff is disabled is dependent in part on whether he can, under the fifth step in the sequential analysis, "perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule)." SSR 96-8p. In this vein, courts have taken a claimant's required absences into account in determining the type of work he or she can perform and the corresponding number of jobs available. *See Kalmbach v. Comm'r of Soc. Sec.*, 2011 WL 63602 at *5 (6th Cir. 2011); *Sharp v. Barnhart*, 152 Fed. Appx. 503, 506 (6th Cir. 2005). Because the ALJ never specifically addressed this issue, and thus Plaintiff's RFC determination did not contemplate Plaintiff missing work, the ALJ's decision was not supported by substantial evidence and was reversed and remanded.

3

The ALJ failed to assess key information, relevant under the regulations and precedent, in deciding whether Plaintiff was disabled. Accordingly, the Court finds, as a matter of law, that the Commissioner's decision to support the ALJ's non-disability finding during the litigation of this matter was not justified, in either fact or law, to a degree that could satisfy a reasonable person.

No evidence at issue suggests that special circumstances bar a fee award here, the Commissioner asserts none, and, after carefully reviewing the record, the Court finds none.

### III.

Therefore, the EAJA fee petition filed by Plaintiff (Doc. 14) is **GRANTED** as set forth herein, and Plaintiff is **AWARDED** the sum of **$2,432.50** in fees and costs.

**IT IS SO ORDERED.**

Date: 9/6/11

Timothy S. Black
United States District Judge